United States District Court      Southern District of Texas

| | |
|---|---|
| Yvette F. Daniel, §<br>§<br>    Plaintiff, §<br>versus §<br>§<br>§<br>Hoechst Marion Roussel, *et al.*, §<br>§<br>    Defendants. § | Civil Action H-06-918 |

# Opinion on Summary Judgment

1. *Introduction.*

   A worker complained that her previous employer refused to verify her dates of employment in retaliation for an earlier civil rights complaint.

2. *Background.*

   Yvette Daniel worked for Hoechst Marion Roussel. It currently operates as Aventis Pharmaceuticals. She began in 1991, and she says she was fired in 1999. Hoechst says it was 1996. Daniel complained to the EEOC about her work with Hoechst.

   Daniel also claims that Hoechst mistreated her through Biovail Corporation. She says that Biovail is a Hoescht affiliate, and it required that she sign a liability waiver for Biovail and all of its affiliates in order to work for the company.

   In 2004, Daniel says that Don Branda, a friend, called Hoechst to verify Daniel's dates of employment. Branda says the Hoechst employee gave the wrong dates and disparaged her. Hoechst says there was no call.

   In response to the telephone call, Daniel filed a new complaint against Hoechst with the commission. She said it refused to verify her dates of employment because they were retaliating against her for her earlier grievance.

   Daniel listed Stephanie Dungey, Gary Paul, and Wallace Kitchens, Jr., as defendants in this complaint as well as Hoechst.

3. *Procedure.*

Hoechst moved to dismiss saying there is no relief for Daniel's claim.

4. *Individuals.*

Federal equal employment law applies to employers, not their agents. Dungey is the Hoechst employee who may have spoken to Branda and worked for Gary Paul. Both Paul and Kitchens are regional managers who once supervised Daniel. None of these persons was her employer.

5. *Telephone Call.*

To prove retaliation under the law Daniel must show that Hoechst's denied her an opportunity because of her previous complaint and that their actions prevented her from getting another job. *Hernandez v. Crawford Building Material Co.*, 321 F.3d 528, 531 (5th Cir. 2003). The employer's action must significantly affect the employee's work. Because Branda called, not to verify employment dates for a potential job but to find out whether Hoechst was giving her unfavorable references, Daniel's claim is not related to an actual employment decision.

Even if Branda was a potential employer, Hoechst did not say anything discriminatory in the telephone call. Branda's affidavit says that Hoechst gave the wrong date of termination and said that Daniel would not be eligible for rehire. Employers may give negative references as long as the employer provides or withholds the same information for every employee. This is not discrimination.

6. *Biovail.*

Daniel also claims that Hoechst retaliated against her through Biovail. She says that after she filed the first charge against Hoechst, Biovail offered her a job but required that she waive liability against them. She refused to do so. It did not give her the job.

She says that Biovail asked her to waive her rights to liability against the company because Biovail is an affiliate of Hoechst. Biovail bought the right to market a product line from Hoechst. Biovail is not otherwise affiliated with Hoechst.

- 3 -

7. *Conclusion.*

Hoescht did not retaliate against Daniel. Assuming all facts in favor of the plaintiff, the telephone call did not affect a future job option nor were the comments discriminatory.

Signed June 21, 2006, at Houston, Texas.

_____
Lynn N. Hughes   USDJ
United States District Judge